**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

SELENA N. STEWART,

Plaintiff,

vs.

RED ROBIN INTERNATIONAL, INC., and JOHN ACOSTA,

Defendants.

CA No. 2:16-cv-531- HCM-LRL

**ANSWER OF DEFENDANT RED ROBIN INTERNATIONAL, INC.**

Defendant Red Robin International, Inc. ("Red Robin"), answers and responds to Plaintiff Selena N. Stewart's ("Stewart") Complaint as follows:

**FOR A FIRST DEFENSE**

1. Red Robin lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies same.

2. Paragraph 2 of the Complaint is admitted.

3. Paragraph 3 of the Complaint is admitted.

4. Answering the allegations contained in Paragraph 4 of the Complaint, Red Robin acknowledges that Stewart is alleging a cause of action pursuant to Title VII of the Civil Rights Act. The remaining allegations contained in Paragraph 4 of the Complaint are denied.

5. Paragraph 5 of the Complaint sets forth legal conclusions to which no response is required by Red Robin. To the extent a response is required, Red Robin denies the allegations of Paragraph 5 of the Complaint.

6. Answering the allegations contained in Paragraph 6 of the Complaint, Red Robin admits that it operates a restaurant in Chesapeake, Virginia and that it employs more than five

hundred employees. The remaining allegations contained in Paragraph 6 of the Complaint are denied.

7. Answering the allegations contained in Paragraph 7 of the Complaint, Red Robin admits that Defendant John Acosta was a citizen of Virginia Beach, Virginia. Red Robin denies any remaining allegations of Paragraph 7.

8. Answering the allegations contained in Paragraph 8 of the Complaint, Red Robin admits that Stewart filed an administrative claim with the Equal Employment Opportunity Commission ("EEOC"). Red Robin lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint and, therefore, denies same.

9. Answering the allegations contained in Paragraph 9 of the Complaint, Red Robin admits that the EEOC terminated its process of Stewart's Charge because more than 180 days had passed since the filing of the Charge. Red Robin further admits that Stewart was issued a notice of right to sue on June 10, 2016. Red Robin craves reference to the EEOC Notice of Right to Sue and denies all allegations inconsistent therewith. Red Robin denies any remaining allegations in Paragraph 9.

10. Paragraph 10 of the Complaint sets forth legal conclusions to which no response is required by Red Robin. To the extent a response is required, Red Robin denies the allegations of Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint sets forth legal conclusions to which no response is required by Red Robin. To the extent a response is required, Red Robin denies the allegations of Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint is admitted.

13. Answering the allegations of Paragraph 13, Red Robin denies that it made Stewart an Assistant Manager in 2008. Stewart was made a Manger in Training, then a Manger I, then a Kitchen Manager in 2008.

14. Answering the allegations contained in Paragraph 14 of the Complaint, Red Robin admits that Stewart voluntarily resigned in 2009, and that Stewart relocated, applied for employment, and was rehired by Red Robin. Red Robin denies any remaining allegations contained in Paragraph 14.

15. Answering the allegations contained in Paragraph 15 of the Complaint, Red Robin admits that Stewart was rehired and worked at the Greenbrier location. Red Robin further admits that Stewart later became the Assistant General Manager at that same location. Red Robin denies any remaining allegations contained in Paragraph 15.

16. Paragraph 16 of the Complaint is admitted.

17. Paragraph 17 of the Complaint is denied. Red Robin craves reference to Stewart's performance reviews and disciplinary records and denies all allegations inconsistent with said records.

18. Answering the allegations contained in Paragraph 18 of the Complaint, Red Robin admits that in 2011 when Defendant Acosta became the Regional Operations Director of the Greenbrier store, Stewart was the Assistant General Manager, and indirectly reported to Defendant Acosta. Red Robin admits that Stewart began directly reporting to Defendant Acosta in 2013 after she was made General Manager. Red Robin denies any remaining allegations contained in Paragraph 18.

19. Answering the allegations contained in Paragraph 19 of the Complaint, Red Robin admits that for the timeframe applicable to Stewart's claims, Defendant Acosta was the Regional

Operations Director in charge of the Greenbrier store. Red Robin denies any remaining allegations contained in Paragraph 19.

20. Paragraph 20 of the Complaint is denied.

21. Paragraph 21 of the Complaint is denied.

22. Paragraph 22 of the Complaint is denied.

23. Paragraph 23 of the Complaint is denied.

24. Answering the allegations of Paragraph 24 of the Complaint, Red Robin admits that Defendant Acosta visited the restaurant where Stewart was General Manager during times when Stewart was not present, which was dictated by Defendant Acota's travel schedule. Red Robin further admits that Defendant Acosta visited the restaurant where Stewart was General Manager when she was not there in order to interview Team Members regarding complaints made about Stewart. Red Robin denies that Defendant Acosta refused to visit Stewart's store when she was working. Red Robin denies any remaining allegations in Paragraph 24.

25. Paragraph 25 of the Complaint is denied.

26. Paragraph 26 of the Complaint is denied.

27. Answering the allegations of Paragraph 27 of the Complaint, Red Robin admits that Stewart was required to use "auto terms," which is a company-wide computer program used to automatically classify an employee as "terminated" when that employee has not worked for 45 days, and in doing so, treated Stewart consistently with all similarly situated General Managers. Stewart had many "auto term" employees due to her failure to expeditiously classify departed employees as "terminated," which resulted in inaccurate retention numbers for Stewart's store. Red Robin further admits that Stewart was required to use the corporate-approved "pro-active

unemployment forms," and in doing so, treated her consistently with all similarly situated General Managers. Red Robin denies any remaining allegations in Paragraph 27.

28. Paragraph 28 of the Complaint is denied.

29. Paragraph 29 of the Complaint is denied

30. Answering the allegations of Paragraph 30 of the Complaint, Red Robin admits that Stewart requested permission to visit another restaurant with Defendant Acosta. Defendant Acosta acquiesced and took Stewart to visit the restaurant located in Red Mill Commons. Red Robin denies any remaining allegations in Paragraph 30.

31. Answering the allegations of Paragraph 31, Red Robin admits that Defendant Acosta took the Assistant General Manager of Stewart's store on a restaurant visit. Defendant Acosta also took Stewart on a restaurant visit located in Red Mill Commons. Red Robin denies any remaining allegations in Paragraph 31.

32. Answering the allegations of Paragraph 32 of the Complaint, Red Robin admits that during its corporate annual training conference it offered a "Women in Leadership" class to all female managers. Red Robin denies any remaining allegations in Paragraph 32.

33. Paragraph 33 of the Complaint is denied.

34. Paragraph 34 of the Complaint is denied.

35. Answering the allegations of Paragraph 35 of the Complaint, Red Robin admits that Stewart was placed on a Performance Improvement Plan ("PIP"), which required improved performance in identified areas where Stewart's performance and development were deemed deficient. Red Robin specifically denies that the PIP was retaliatory. Red Robin denies the remaining allegations of Paragraph 35.

36. Paragraph 36 of the Complaint is denied.

37. Red Robin lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and, therefore, denies same.

38. Red Robin lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and, therefore, denies same.

39. Answering the allegations of Paragraph 39 of the Complaint, Red Robin admits that sometimes an activity is conducted at the beginning of a Team Leader Focus Group ("TLFG") functions; however, it is not done every time and usually occurs when the participants do not know each other.. Red Robin denies the remaining allegations of Paragraph 39.

40. Answering the allegations of Paragraph 40 of the Complaint, Red Robin admits that the TLFG functions encompass a constructive feedback component that allows General Managers to assist one another, and that any such feedback given to Stewart was consistent with these practices and was not done differently or adversely because of Stewart's gender. Red Robin specifically denies that this constructive feedback was retaliatory or discriminatory. Red Robin denies the remaining allegations of Paragraph 40.

41. Answering the allegations of Paragraph 41, upon information and belief, Red Robin admits that Stewart attended TLFG functions hosted by other managers. Red Robin denies the remaining allegations of Paragraph 41.

42. Paragraph 42 of the Complaint is denied.

43. Paragraph 43 of the Complaint is denied.

44. Answering the allegations of Paragraph 44 of the Complaint, Red Robin admits that Stewart was placed on a PIP in June of 2015 due to repeated and continued legitimate performance deficiencies, despite being given ample opportunity to improve. Red Robin further

admits the PIP was issued by Defendant Acosta and Human Resources representative, Julie London Brewer. Red Robin denies the remaining allegations of Paragraph 44.

45. Answering the allegations of Paragraph 45 of the Complaint, Red Robin admits that Stewart made unsubstantiated and generalized complaints about Defendant Acosta for the first time after she was placed on the PIP for her legitimate performance deficiencies. Red Robin denies the remaining allegations of Paragraph 45.

46. Answering the allegations of Paragraph 46 of the Complaint, Red Robin admits it did not make any changes to the PIP. Red Robin denies the remaining allegations of Paragraph 46.

47. Answering the allegations of Paragraph 47 of the Complaint, Red Robin admits that Stewart was terminated in November of 2015 for, among other things, failing to follow Company policy, including the use of corporate mandated forms and systems. Red Robin denies any insinuation that Stewart's termination was unlawful. Red Robin denies the remaining allegations of Paragraph 47.

48. Paragraph 48 of the Complaint is denied.

49. Paragraph 49 of the Complaint is denied.

50. Paragraph 50 of the Complaint is denied.

51. With respect to Paragraph 51 of the Complaint, Red Robin incorporates each and every allegation of Red Robin's Answer to the same extent as if set forth verbatim.

52. Paragraph 52 of the Complaint sets forth a legal conclusion to which no response is required by Red Robin. To the extent a response is required, Red Robin denies the allegations of Paragraph 52 of the Complaint

53. Paragraph 53 of the Complaint is denied.

54. Answering the allegations of Paragraph 54 of the Complaint, Red Robin admits Stewart was terminated for performance-related issues. Red Robin denies the remaining allegations of Paragraph 54.

55. Paragraph 55 of the Complaint is denied.

56. With respect to Paragraph 56 of the Complaint, Red Robin incorporates each and every allegation of Red Robin's Answer to the same extent as if set forth verbatim.

57. Paragraph 57 of the Complaint is denied.

58. Paragraph 58 of the Complaint is denied.

59. Paragraph 59 of the Complaint is denied.

60. Paragraph 60 of the Complaint is denied.

Responding to the final, unnumbered paragraph of the Complaint, including subparts (a) through (f), containing Stewart's Prayer for Relief, Red Robin denies that Stewart is entitled to any relief whatsoever.

## **FOR A SECOND DEFENSE**

61. All paragraphs and allegations not herein specifically admitted are denied.

## **FOR A THIRD DEFENSE**

62. Stewart fails to state a claim upon which relief may be grated, and such claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## **FOR A FOURTH DEFENSE**

63. To the extent Stewart is asserting claims outside the scope of her administrative charge of discrimination, Stewart has failed to exhaust her administrative remedies and such claims should be dismissed as a matter of law.

**FOR A FIFTH DEFENSE**

64. Stewart's Title VII claims for alleged actions or conduct that pre-date January 14, 2015, are time-barred because Stewart did not file her Charge of Discrimination until November 9, 2015. As such, Stewart failed to exhaust her administrative remedies as to these allegations, and these claims should be dismissed as a matter of law.

**FOR A SIXTH DEFENSE**

65. Upon information and belief, Stewart's claims are barred by the applicable statute of limitations.

**FOR A SEVENTH DEFENSE**

66. Stewart's claims, in whole or in part, are barred because she unreasonably failed to complain and/or otherwise take advantage of any protective or corrective opportunity provided by Red Robin or to avoid harm otherwise.

**FOR AN EIGHTH DEFENSE**

67. Red Robin may not be held vicariously liable under Title VII based on any alleged unlawful employment actions of its agents, if any are proven, because Red Robin exercised reasonable care to prevent and correct promptly any unlawful actions and Stewart unreasonably failed to take advantage of any preventive or corrective opportunities provided by Red Robin or to avoid harm otherwise.

**FOR A NINTH DEFENSE**

68. Red Robin has taken reasonable steps to prevent and promptly correct any discrimination and harassment from occurring in the workplace.

**FOR A TENTH DEFENSE**

69. Stewart cannot establish that her gender was the motivating factor in any alleged discrimination under Title VII and, therefore, her claims must fail.

**FOR AN ELEVENTH DEFENSE**

70. Stewart's claims fail because she was discharged for legitimate, non-discriminatory and non-retaliatory reasons.

**FOR A TWELFTH DEFENSE**

71. Stewart was an at-will employee who could be terminated at any time with or without cause.

**FOR A THIRTEENTH DEFENSE**

72. Stewart was not adequately performing her job at a level that met Red Robin's legitimate expectation.

**FOR A FOURTEENTH DEFENSE**

73. Stewart's claim for tortious interference with a contract fails as a matter of law and should be dismissed because she was an at-will employee.

**FOR A FIFTEENTH DEFENSE**

74. To the extent Stewart is seeking damages for emotional pain and stress, her claim is barred as Stewart's exclusive remedy is the Virginia Workers Compensation Act pursuant to VA. CODE ANN. § 65.2-307.

**FOR A SIXTEENTH DEFENSE**

75. To the extent Stewart has suffered any damages as a result of any act or omission by Red Robin, which is denied, then, upon information and belief, Stewart failed to mitigate damages in a timely or proper fashion.

**FOR A SEVENTEENTH DEFENSE**

76. Without admitting any wrongful conduct, Red Robin asserts that Stewart's damages, if any, should be offset by any subsequent earnings obtained by Stewart. Likewise, to the extent Stewart has failed to mitigate her damages, if any, Stewart's recovery of damages is barred, or alternatively, should be reduced.

**FOR AN EIGHTEENTH DEFENSE**

77. Stewart's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and unclean hands.

**FOR A NINTEENTH DEFENSE**

78. Any claim for punitive damages is barred because the acts and omissions, if any, of Red Robin do not rise to the level required to sustain an award of punitive damages, do not evince a reckless or callous indifference to any protected right, and are not so wanton and willful as to support an award of punitive damages as a matter of law.

**FOR A TWENTIETH DEFENSE**

79. Any recovery on Stewart's Complaint may be barred, in whole or in part, based upon after-acquired evidence that may be discovered during the course of litigation.

**FOR A TWENTY-FIRST DEFENSE**

80. Red Robin has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of Stewart's allegations. Red Robin intends to act as best it can to inform itself of the pertinent facts and prevailing circumstances surrounding any injury or damage to Stewart as alleged in the Complaint and gives notice of its intent to assert any further affirmative defenses that its information-gathering process may indicate as supported by fact and/or law.

**FOR A TWENTY-SECOND DEFENSE**

81. Red Robin reserves the right to assert further affirmative defenses upon discovery of facts not previously known.

THEREFORE, having fully answered, Red Robin prays that Stewart's Complaint be dismissed with costs and attorney fees awarded to Red Robin.

Respectfully submitted,

FISHER & PHILLIPS LLP

By: /s/Cheryl L. Behymer

Cheryl L. Behymer (VA Bar No. 37271)
cbehymer@fisherphillips.com
Fisher & Phillips LLP
Post Office Box 11612
Columbia, South Carolina 29211
Telephone: (803) 255-0000
Facsimile: (803) 255-0202

*Counsel for Defendant Red Robin International, Inc.*

Dated this 3rd day of October 2016.

**CERTIFICATE OF SERVICE**

I, Cheryl L. Behymer, counsel for Defendants herein, do hereby certify that on October 3, 2016, I electronically filed the foregoing **Answer of Defendant Red Robin International, Inc.** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record as follows:

Gregory William Klein, Esq.
TAYLOR WALKER P.C.
555 Main Street, Suite 1300
Norfolk, VA 23510
gklein@taylorwalkerlaw.com
*Attorney for Plaintiff*

s/Cheryl L. Behymer
Cheryl L. Behymer (VA Bar No. 37271)
FISHER & PHILLIPS LLP
1320 Main Street, Suite 750
Columbia, South Carolina 29201
Phone: (803) 255-0000
Fax: (803) 255-0202
cbehymer@fisherphillips.com
*Counsel for Defendants*

Dated this 3rd day of October 2016.